UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

00-7??46

JAMES SABATINO,

    Plaintiff,

-vs-

INTERGRATED INDUSTRIAL SYSTEMS INC.,
a Delaware corporation,

    Defendant.
_____/

LAW OFFICES OF BARRY D. ADLER
By: BARRY D. ADLER (P30557)
Attorneys for Plaintiff
30300 Northwestern Highway, Suite 340
Farmington Hills, Michigan 48334
(248) 855-5090
_____

Case Number:    -NO
Honorable



## COMPLAINT

**NOW COMES** the Plaintiff, **JAMES SABATINO**, by and through his attorney, **LAW OFFICES OF BARRY D. ADLER**, and for his Complaint against Defendant, **INTERGRATED INDUSTRIAL SYSTEMS INC.**, states as follows:

### JURISDICTION

1.    That the Plaintiff is a resident of the City of Holly, County of Oakland, State of Michigan.

2.    That the Defendant, INTERGRATED INDUSTRIAL SYSTEMS INC., is a Delaware corporation with its principal place of business in the City of Yalesville, State of Connecticut.

3. That the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, or is otherwise within the jurisdiction of this Honorable Court.

**ACCIDENT FACTS**

4. That at all times pertinent herein, Defendant, INTERGRATED INDUSTRIAL SYSTEMS INC., owned or leased, possessed, managed, and controlled the premises located at 475 Main Street, Yalesville, Connecticut 06492.

5. That shortly prior to January 6, 1999, Defendant, INTERGRATED INDUSTRIAL SYSTEMS INC., contracted with Plaintiff's employer, Da-Mor Scraping & Service, a Michigan corporation, to perform repairs of its machinery and/or equipment on its premises in Yalesville, Connecticut.

6. That Defendant, INTERGRATED INDUSTRIAL SYSTEMS INC., maintained and operated the facility and premises at the above-mentioned address as a business for profit for the purpose of a commercial enterprise; this business was open to the public generally, including customers and vendors associated with Defendant's commercial enterprise, including Plaintiff, JAMES SABATINO, for the mutual benefit of Mr. Sabatino's employer and this Defendant.

7. That on or about January 6, 1999, at the premises at the above-mentioned address at approximately 6:30 p.m., Plaintiff, JAMES SABATINO, entered Defendant's premises as an invitee for the purpose of repairing equipment at Defendant's facility.

8. That at or about the above date and time, an employee of Defendant, INTERGRATED INDUSTRIAL SYSTEMS INC., was in the process of unloading certain

2

equipment from Plaintiff's vehicle using a hi-lo fork-lift truck when, while Plaintiff's back was turned, the employee of Defendant struck Plaintiff with the fork-lift truck in Plaintiff's left lower extremity and foot causing severe and grievous injuires as are more particularly set forth below.

## **NEGLIGENCE OF DEFENDANT, INTERGRATED INDUSTRIAL SYSTEMS INC.**

9. That at the time, place, and location mentioned above, it was the duty of the Defendant, INTERGRATED INDUSTRIAL SYSTEMS INC., by their agents and employees acting on their behalf, to exercise reasonable care and caution in and about management and functioning of their premises and to keep same reasonably safe for the Plaintiff, JAMES SABATINO, and other persons lawfully upon these premises.

10. That the Defendant, INTERGRATED INDUSTRIES, INC, set forth by their agents and employees acting on their behalf, owed a duty of care to the Plaintiff and notwithstanding said duty, committed the following negligent acts and omissions:

    A. Negligently, carelessly, and recklessly operating machinery and equipment on its premises when it knew or should have known that there existed a dangerous and hazardous condition to persons, including the Plaintiff who came upon its premises.

    B. Negligently, carelessly, and recklessly operating machinery upon Defendant's premises without due care and caution and in such a manner so as to endanger persons, including the Plaintiff, and damage his property.

    C. Negligently, carelessly, and recklessly operating machinery and including the hi-lo fork-lift truck in the premises open to the public in a careless, heedless, wilful, wanton, and reckless manner without due regard to the Plaintiff and his property.

D. Negligently, carelessly, and recklessly failed to use reasonable care to protect the Plaintiff from and against hazards arising from the operation of machinery on Defendant's premises.

E. Negligently, carelessly, and recklessly failing to warn the Plaintiff and other members of the general public of the hazards which then and there existed on Defendant's premises.

F. Negligently, carelessly, and recklessly failing to hire and train the necessary working men and women so as to prevent the risk of personal injuries to members of the general public, more specifically to the Plaintiff herein.

G. Negligently, carelessly, and recklessly failing to hire and properly train employees in the proper handling and operation of hi-lo fork-lift trucks.

11. That as a direct and proximate result of the negligent acts and omissions of the Defendant, including those alleged herein, Plaintiff did sustain and suffer severe and permanent personal injuries as are described below.

## DAMAGES

12. That as a direct and proximate result of the aforementioned acts and omissions of actions constituting negligence on behalf of the Defendant, the Plaintiff was injured on the premises and sustained serious permanent injuries included but not limited to:

A. Injuries to left knee;

B. Injuries to left lower extremity;

C. Injuries to left heel; and

D. Aggravation of pre-existing conditions whether known or unknown.

13. That as a further direct and proximate result of the aforementioned acts and omissions of actions by Defendant constituting negligence the Plaintiff has suffered and will

4

continue to suffer in the future from severe emotional and mental distress as a result of the injuries sustained.

14. That as a further direct and proximate result of the aforementioned acts and omissions by the Defendant, the Plaintiff has suffered, now suffers, and will in the future suffer, from the following:

    A. Lost wages, past, future, and present;

    B. Pain and suffering, past, present, and future;

    C. Mental anguish;.

    D. Embarrassment, shock, mortification;

    E. Loss of normal social and recreational activities.

    F. Permanent injury, incapacity and disability;

    G. Loss of wage earning capacity, past, present and future; and

    H. Aggravation of pre-existing conditions whether known or unknown.

15. That prior to the occurrence of said accident, Plaintiff was a reasonably strong and healthy able-bodied person.

16. That as a result of the injuries sustained the Plaintiff has become badly sore, lame, crippled, and disabled, all attributed to his great physical and emotional distress.

17. That as a result of the negligence and neglectful conduct of the Defendant herein, the Plaintiff will suffer permanent and incurable injuries and will need to seek the services of medical doctors, nurses, undergo therapy, seek the relief by medication and will continue to be under such medical care and treatment for an indefinite period of time in the future.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, **JAMES SABATINO**, respectfully prays for a Judgment that is fair and just according to the facts that are produced in Court together with costs, interest, and attorney fees so wrongfully incurred.

                                        Respectfully submitted,

                                        **LAW OFFICES OF BARRY D. ADLER**

                                        By: _____
                                              BARRY D. ADLER (P30557)
                                              Attorney for Plaintiff
                                              30300 Northwestern Hwy., #304
                                              Farmington Hills, MI 48334

Dated: October 30, 2000                     (248) 855-5090

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

JAMES SABATINO,

 Plaintiff,

-vs-

INTERGRATED INDUSTRIAL SYSTEMS INC.,
a Delaware corporation,

 Defendant.
_____/

LAW OFFICES OF BARRY D. ADLER
By: BARRY D. ADLER (P30557)
Attorneys for Plaintiff
30300 Northwestern Highway, Suite 340
Farmington Hills, Michigan 48334
(248) 855-5090

Case Number: -NO
Honorable

**FILED**

NOV 1 6 2000

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, JAMES SABATINO, and hereby requests trial by jury.

Respectfully submitted,

**LAW OFFICES OF BARRY D. ADLER**

By: _____
BARRY D. ADLER (P30557)
Attorney for Plaintiff
30300 Northwestern Hwy., #304
Farmington Hills, MI 48334
(248) 855-5090

Dated: October 30, 2000